IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NIEVES CADENO-CORTEZ, §<br>#45281-198, §<br>    Movant, §<br> §<br>v. §<br> §<br>UNITED STATES OF AMERICA, §<br>    Respondent. § | | CIVIL NO. 3:18-CV-2490-K<br>(CRIMINAL NO. 3:16-CR-358-K-1) |

MEMORANDUM OPINION AND ORDER

Movant Nieves Cadeno-Cortez ("Cadeno-Cortez"), whose real name is Salvador Rodriguez, filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 2). As detailed herein, Cadeno-Cortez's motion to vacate sentence is **DENIED** with prejudice.

## I.  BACKGROUND

After first being charged by complaint and indictment with a co-defendant, Cadeno-Cortez was charged by superseding information with one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), on March 10, 2017. *See* Crim. Docs. 1, 16, 46. He pled guilty to the single count of the superseding information on March 21, 2017, under a plea agreement. *See* Crim Docs. 49, 60.

On May 31, 2017, the United States Probation Office ("USPO") prepared a presentence investigation report ("PSR") applying the 2016 United States Sentencing Guidelines Manual. *See* Crim. Doc. 77-1 at ¶ 29. The PSR held Cadeno-Cortez

accountable for 201,400 kilograms of marijuana equivalent, resulting in a base offense level of 38 under the applicable drug quantity table. *See id.* at ¶¶ 22-23, 30. A total of six offense levels were added for possession of a firearm, importation of methamphetamine from Mexico, and maintenance of a premises for the purpose of manufacturing or distributing a controlled substance. *See id.* at ¶¶ 31-33. Three total levels were deducted for acceptance of responsibility, resulting in a total offense level of 41. *See id.* at ¶¶ 39-41. The PSR determined that Cadeno-Cortez did not have any criminal convictions, resulting in a criminal history category of I. *See id.* at ¶ 44. Based on a criminal history category of I and an offense level of 41, Cadeno-Cortez's guideline range of imprisonment was 324 to 405 months. *See id.* at ¶ 65. Because 240 months was the statutory maximum for the offense to which Cadeno-Cortez pled guilty under the plea agreement, it became the guideline term of imprisonment. *See id.*

At the sentencing hearing on August 31, 2017, Cadeno-Cortez's counsel argued for a sentence below the sentencing guidelines range based on the short duration of Cadeno-Cortez's involvement in the offense. *See* Crim. Doc. 123 at 11. When asked whether he wanted to say anything, Cadeno-Cortez thanked his attorney and the Court, requested mercy, and noted that he had a mother and children. *See id.* at 12. By judgment dated September 6, 2017, he was sentenced below the sentencing guidelines range to 110 months' imprisonment, to be followed by three years of supervised release. *See* Crim. Doc. 94. Cadeno-Cortez did not appeal his conviction or sentence.

Cadeno-Cortez timely filed this Section 2255 motion on September 18, 2018, claiming counsel rendered ineffective assistance during sentencing proceedings by failing to seek concurrent sentencing with an undischarged sentence imposed by a federal court in California. *See* Doc. 2. The Government filed a response in opposition to Cadeno-Cortez's motion on December 12, 2018. *See* Doc. 8. Cadeno-Cortez filed a reply on January 14, 2019. *See* Doc. 9.

## II.     SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III.     INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a

criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the

evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

Here, Cadeno-Cortez states that he has an undischarged sentence of 37 months for importation of heroin in Case No. 95-0927-K from the United States District Court for the Southern District of California. *See* Doc. 2 at 4-5. Based on inmate records provided by the Government and not disputed by Cadeno-Cortez, his California conviction was not fully discharged because he escaped custody. *See* Doc. 8-1 at 6. Cadeno-Cortez claims that, before the sentencing proceedings, he instructed counsel to request that his sentence be run concurrently with the undischarged federal sentence from California. *See* Doc. 2 at 4. He claims that he "urged his defense attorney to make absolutely sure to address the issue with the Court in order for the sentencing judge to at least consider the possibility of running the previously imposed and yet undischarged sentence in another federal court concurrently with the sentence he was about to receive at the time." *Id.* at 5. Cadeno-Cortez's undischarged sentence from California was neither included in the PSR nor addressed by counsel at sentencing. Cadeno-Cortez claims that counsel's failure to seek concurrent sentencing with his undischarged California sentence during the sentencing proceedings constituted ineffective assistance of counsel.

The Court notes that when Cadeno-Cortez was given the opportunity to speak on his own behalf after counsel's arguments at sentencing, he made no mention of his California conviction and did not request concurrent sentencing with any undischarged

sentence. *See* Crim. Doc. 123 at 12. Nonetheless, assuming for purposes of this motion only that counsel's performance was deficient because she failed to request concurrent sentencing with Cadeno-Cortez's undischarged federal sentence from California, deficient performance alone is insufficient to establish relief under § 2255. *Strickland* also requires a showing of prejudice.

To show prejudice in the sentencing context, Cadeno-Cortez must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice."); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (holding that prejudice under *Strickland* requires a "'substantial,' not just 'conceivable,' likelihood of a different result.") (citing *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture, and conclusory allegations are insufficient to obtain relief under § 2255. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989);

Cadeno-Cortez cannot demonstrate prejudice. As Cadeno-Cortez recognizes, whether to run a sentence concurrently with, or consecutively to, an undischarged sentence is within the Court's discretion after *United States v. Booker*, 543 U.S. 220

(2005), which rendered the sentencing guidelines advisory and not mandatory.  *See Hughes v. United States*, 138 S. Ct. 1765, 1772 (2018); 18 U.S.C. § 3584(a) ("if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.").  According to Cadeno-Cortez, because of this discretionary authority, "the possibility of receiving a concurrent sentence, had his attorney only asked the Court during sentencing[,] was a very high possibility."  Doc. 9 at 2.  He also appears to claim that the possibility of concurrent sentencing was "high" because the Court recognized counsel's argument for a lower sentence based on the short duration of his involvement in the charged offense when determining his sentence.  *See id.*

Beyond his conclusory allegations and speculation, Cadeno-Cortez does not provide any evidence to establish a reasonable probability that the Court would have exercised its discretion to run his sentence concurrently had counsel advised the Court about his undischarged sentence and requested concurrent sentencing.  He therefore has not demonstrated prejudice for purposes of *Strickland*.  *See, e.g.*, *Simek v. United States*, Nos. W-10-CA-304, W-08-CR-001, 2011 WL 13311861, at *2 (W.D. Tex. Dec. 7, 2011) (finding that the movant did not satisfy the prejudice requirement where, "[e]ven if counsel had argued for concurrent sentences, the court may still have found it proper to impose consecutive sentences."); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996) (determining that the district court's discretion in sentencing the movant demonstrated that "only the *possibility* existed he would receive a concurrent

sentence," which was insufficient to demonstrate prejudice under *Strickland*); *United States v. Alvarez*, 184 F. App'x 876, 881 (11th Cir. 2006) (holding that the movant's claim that the district court might have imposed a concurrent sentence with other federal sentences was "mere speculation," and did not demonstrate *Strickland* prejudice). Cadeno-Cortez is therefore not entitled to relief under Section 2255 on his claim.

## IV. EVIDENTIARY HEARING

Cadeno-Cortez requests an evidentiary hearing. *See* Doc. 2 at 7. No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1011 n.2 (5th Cir. 1983); *accord Cervantes*, 132 F.3d at 1110.

Here, Cadeno-Cortez has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claim. *See Reed*, 719 F.3d at 373. He has therefore failed to demonstrate he is entitled to an evidentiary hearing on his claim, and his request is denied.

## V. CONCLUSION

For the aforementioned reasons, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DENIED with prejudice.

SO ORDERED.

Signed August 11th, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE